UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| ROBIN DERRELL WHITE | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] No. 1:13-0049 |
| | ] Judge Haynes |
| GILES COUNTY JAIL, et al. | ] |
| Defendants. | ] |

## MEMORANDUM

Plaintiff, Robin Derrell White, an inmate at the Giles County Jail in Pulaski, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants Giles County Jail and its Administrator, Teresa Mattox, seeking damages.

According to his complaint, on December 13, 2012, Plaintiff began to experience "severe tooth pain". The following day, he was examined by a nurse who gave him medication for the pain and scheduled him to see a dentist. Plaintiff, however, did not see a dentist nor was he given additional medication for pain. Plaintiff alleges that eventually, his dental problem became so severe that he was taken to an outside hospital where a physician prescribed antibiotics for the Plaintiff. Shortly thereafter, a dentist pulled an abscessed tooth from the Plaintiff's mouth. Plaintiff alleges that the Defendants denied him adequate dental care in violation of his constitutional rights.

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Giles County, the entity responsible for the operation

of the Jail. However, for Giles County to be liable, the Plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the Plaintiff has failed to state a claim against the Giles County jail for which relief can be granted.

Plaintiff also seeks relief from Teresa Mattox, Administrator of the Giles County Jail. The Plaintiff can not sue a defendant solely because of her status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Absent allegation of a supervisor's participation, either directly or indirectly, in an allegedly wrongful act, the complaint fails to state a claim upon which relief can be granted. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982).

Here, Plaintiff does not allege any involvement or knowledge that Teresa Mattox had about his dental needs. According to the complaint, Teresa Mattox simply helped the Plaintiff by resetting a kiosk. (Docket Entry No. 1 at 5). Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Absent plausible factual allegations that Teresa Mattox, either directly or indirectly, denied the Plaintiff the services of a dentist, Plaintiff fails to state a claim against Teresa Mattox.

Absent a federal claim, the Court must dismiss this action. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the 2nd day of October, 2014.

William J. Haynes, Jr.
United States District Judge